NOTICE

Decision filed 07/28/26. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2026 IL App (5th) 240739-U

NO. 5-24-0739

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Vermilion County. |
| | ) | |
| v. | ) | No. 05-CF-467 |
| | ) | |
| JUAN REYES, | ) | Honorable |
| | ) | Karen E. Wall, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE SHOLAR delivered the judgment of the court.
Presiding Justice Cates and Justice Hackett concurred in the judgment.

**ORDER**

¶ 1   *Held*:   Where defendant failed to make a *prima facie* showing of prejudice with regard to any of his claims, and where one sub-claim was forfeited, the circuit court did not err in denying defendant leave to file a successive postconviction petition. Because no argument to the contrary would have arguable merit, this court grants appellate counsel leave to withdraw and affirms the judgment of the circuit court.

¶ 2   Defendant, Juan Reyes, appeals the judgment of the circuit court of Vermilion County that denied his *pro se* motion for leave to file a successive postconviction petition. Defendant's appointed counsel on appeal, the Office of the State Appellate Defender (OSAD), has concluded that this appeal lacks arguable merit, and on that basis, OSAD has filed a motion for leave to withdraw as counsel (see *Pennsylvania v. Finley*, 481 U.S. 551 (1987)), along with a supporting memorandum of law. OSAD served defendant with notice. This court provided defendant the opportunity to file a written response to OSAD's motion. Defendant filed a detailed response, in

1

which he took issue with, among other things, OSAD's representation of him in this appeal. He also filed a motion to discharge OSAD and proceed *pro se*, and a motion for appointment of counsel.

¶ 3     This court has examined OSAD's *Finley* motion and memorandum of law, defendant's responses thereto and other filings, the record on appeal, and prior decisions in appeals stemming from defendant's criminal case. This court concludes that OSAD is correct that this appeal lacks arguable merit. Accordingly, we (1) grant OSAD leave to withdraw as counsel; (2) deny defendant's motion to proceed *pro se*, and for appointment of counsel; and (3) affirm the circuit court's judgment.

¶ 4                                            I. BACKGROUND

¶ 5     The factual basis for defendant's convictions and sentences is set forth at great length in prior appeals in this case, as well as in other appellate decisions. See *People v. Reyes*, 4-07-0412 (2008) (unpublished order under Illinois Supreme Court Rule 23); *People v. Reyes*, 2016 IL App (4th) 130279-U; *People v. Reyes*, 2022 IL App (4th) 210541-U; *Reyes v. Nurse*, 38 F.4th 636 (7th Cir. 2022). Therefore, we recite only those facts necessary for an understanding of our disposition of the present appeal.

¶ 6     On February 20, 2024, defendant filed, pursuant to the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2022)), his *pro se* motion for leave to file a successive postconviction petition (motion). In the motion, defendant raised the following five claims: (1) defendant's due process rights were violated at his trial because counsel for the State— Assistant State's Attorney Larry Mills—allegedly "was habitually using and abusing illegal psychological altering drugs while prosecuting" the case, as documented by a subsequent investigation by the Federal Bureau of Investigation (FBI); (2) Mills committed fraud and violated

2

the public trust because Mills "knowingly and intentionally [lied] to federal investigators," and "Mills brought this same deceitful tactic to [defendant's] trial," which violated defendant's due process and equal protection rights; (3) "the Vermilion County State's Attorney's Office knew of the federal corruption investigation" into the conduct of Mills, but failed to remove Mills from defendant's case, which violated defendant's due process and equal protection rights; (4) the Vermilion County State's Attorney's Office improperly failed to disclose to defendant, prior to defendant's trial, the fact that Mills was being investigated; and (5) defendant received ineffective assistance of counsel, because trial counsel "aid[ed] and abett[ed]" Mills in lying to the trial judge, by "knowingly concealing the fact that [Mills] lied," which ultimately resulted in a violation of defendant's speedy trial rights. Defendant filed various exhibits in support of the motion.

¶ 7    On February 23, 2024, the circuit court entered an order in which it denied the motion. On March 27, 2024, defendant filed a motion to reconsider. The circuit court denied defendant's motion to reconsider, and this timely appeal followed.

¶ 8                                    II. ANALYSIS

¶ 9    In the legal memorandum that accompanies its *Finley* motion to withdraw, OSAD raises five potential issues on appeal, which track the five claims raised by defendant in the motion. OSAD concludes that each issue lacks arguable merit. For the following reasons, we agree.

¶ 10    The Act provides a mechanism by which a criminal defendant may challenge the defendant's conviction by filing a petition for relief in the circuit court. 725 ILCS 5/122-1 (West 2022). The Act allows a defendant to assert that there was a substantial denial of the defendant's federal or state constitutional rights in the proceedings that resulted in the defendant's conviction or sentence. *People v. Hodges*, 234 Ill. 2d 1, 9 (2009). Broad, conclusory allegations are not permissible under the Act. *People v. Delton*, 227 Ill. 2d 247, 258 (2008). Moreover, a petition filed

3

under the Act must have attached affidavits, records, or other evidence supporting its allegations, or must state why they are not attached. 725 ILCS5/122-2 (West 2022).

¶ 11    The Act contemplates the filing of only one postconviction petition. *Id.* § 122-1(f). "[S]uccessive postconviction petitions are highly disfavored." *People v. Bailey*, 2017 IL 121450, ¶ 39. If a defendant desires to file a successive postconviction petition after the defendant's initial petition is dismissed or denied, the defendant must request leave of court before filing it. 725 ILCS5/122-1(f) (West 2022). Unless a defendant asserts a claim of actual innocence, the circuit court will grant the defendant leave only if the defendant satisfies the cause-and-prejudice test. *Id.*; *People v. Montanez*, 2023 IL 128740, ¶ 77. To establish "cause" under the cause-and-prejudice test, a defendant must identify an objective factor, external to the defense, that impeded the defendant's ability to raise a specific claim during the defendant's initial postconviction proceeding. *Id.* To establish "prejudice," a defendant must demonstrate that the claimed constitutional error so infected the trial that the resulting conviction or sentence violates due process. *Id.*

¶ 12    The cause-and-prejudice test is a more exacting standard than the gist-of-a-claim standard circuit courts use to review initial postconviction petitions at the first stage of proceedings. *People v. Conick*, 232 Ill. 2d 132, 142 (2008). The defendant must make a *prima facie* showing of cause and prejudice in order to be granted leave, before any further proceedings on the defendant's claims can occur. *People v. Bailey*, 2017 IL 121450, ¶ 24. A defendant cannot obtain leave of court unless the defendant satisfies each of the two elements of cause and prejudice; it is not sufficient to establish only one element. *People v. Guerrero*, 2012 IL 112020, ¶ 15. Leave should be denied when it is clear, from a review of the successive petition and the documentation submitted by the defendant, that the claims alleged by the defendant fail as a matter of law, or where the successive

4

petition, with its supporting documentation, is insufficient to justify further proceedings. *People v. Griffin*, 2024 IL App (1st) 191101-C, ¶ 30. This court reviews *de novo* the circuit court's decision—based upon the failure of the defendant to make a *prima facie* showing of cause and prejudice—to deny the defendant's motion for leave to file a successive postconviction petition. *People v. Robinson*, 2020 IL 123849, ¶ 39. We may affirm on any basis supported by the record, because the question before us is the correctness of the result reached by the circuit court, not the correctness of the circuit court's reasoning in reaching that result. See, *e.g.*, *People v. Johnson*, 208 Ill. 2d 118, 128-29 (2003).

¶ 13    Here, defendant raised five claims in the motion. As OSAD correctly notes, defendant failed to make a *prima facie* showing of prejudice for any of the claims, which is fatal to the motion. With regard to the first claim in the motion—that defendant's due process rights were violated at his trial because Assistant State's Attorney Larry Mills allegedly "was habitually using and abusing illegal psychological altering drugs while prosecuting" the case—defendant alleged that prejudice was "automatic in a situation where a judge [was] using [illegal drugs] during the proceedings." He argued that the same should be true where a prosecuting attorney was using illegal drugs during the proceedings. He posited that Mills's "ongoing drug abuse, as well as the ongoing federal investigation, so infected the proceedings, litigation, investigation, and sentencing that there is no way to ensure that [defendant] was given his constitutionally granted right to a fair trial." He further posited that Mills's "long-term drug and alcohol addiction clearly impaired his thought process, moral compass, and credibility," and that Mills's "participation in [defendant's] case denied [defendant] a fair and impartial trial."

¶ 14    However, nowhere in the motion did defendant allege any specific acts or omissions on the part of Mills, caused by Mills's alleged drug abuse, that were unfair to defendant or impacted his

5

trial in a negative way. As OSAD aptly notes, "[i]f any party was harmed or impaired by Mills's drug addiction, it would have been the State, not the defense," and "the fact that even a drug-addicted prosecutor was able to convict [defendant] underscores the strength of the State's evidence" against defendant. As OSAD also aptly notes, nothing about Mills's alleged drug abuse "made the trial unfair *per se*." Thus, although defendant made broad, conclusory allegations in the motion about the potential impacts of Mills's drug abuse, such allegations are not permissible under the Act. *Delton*, 227 Ill. 2d at 258. Defendant failed to make specific factual allegations in the motion in support of his claim, and therefore failed to make a *prima facie* showing that his claimed constitutional error so infected the trial that the resulting conviction or sentence violates due process.

¶ 15    With regard to the second claim in the motion—that Mills committed fraud and violated the public trust because Mills "knowingly and intentionally [lied] to federal investigators," and "Mills brought this same deceitful tactic to [defendant's] trial"—OSAD correctly points out that there are two distinct parts to this claim: that Mills lied (1) to federal investigators and (2) at defendant's trial. Although defendant alleged in the motion specific facts concerning Mills's alleged lies to federal investigators, he did not allege specific facts that tied those alleged lies to his trial, or that in any other way showed that Mills's alleged lies to federal investigators had an impact on defendant or defendant's case. As explained above, broad, conclusory allegations are not permissible; because defendant did not allege specific facts that tied Mills's alleged lies to federal investigators to defendant's case, let alone to defendant's trial, defendant failed to make a *prima facie* showing that Mills's alleged lies to federal investigators so infected defendant's trial that defendant's resulting conviction or sentence violates due process.

6

¶ 16 Moreover, although defendant alleged specific facts concerning Mills's alleged lies at defendant's trial, the circuit court did not err in denying these claims either. In the motion, defendant first alleged that a lie told by Mills—on December 5, 2006, just prior to jury selection for defendant's trial—about the possibility of witness and co-defendant Andre Smith[1] testifying against defendant at the trial led to defendant's request for a continuance, which in turn led to defendant being tried "on the 153rd day" of defendant's custody. According to defendant, Mills knew that Smith would not testify because Smith told prosecutors he would testify only if he received leniency on the prison sentence he was serving, which prosecutors could not grant. Therefore, according to defendant, Mills lied when he told the trial judge that the State might call Smith as a witness at defendant's trial.

¶ 17 However, as OSAD points out, the record shows that defendant's trial counsel requested the continuance in question because counsel had just learned that Smith made a statement that contained "something different than what was in [Smith's] police statements," which counsel wanted to investigate by speaking with Smith. As OSAD notes, competent counsel would have asked for the continuance, and spoken to Smith, regardless of whether Smith was going to testify against defendant, because the new information from Smith could have been helpful to the defense in any number of ways, and therefore could have impacted the defense strategy at trial. Indeed, when granting the continuance, the trial judge stated, "I want you to have the opportunity to interview [Smith] to determine whether *** any of his testimony is different from the statements that you previously received so that you can be prepared for trial, both relative to whether *** he's going to in some way implicate your client or perhaps now has some exculpatory information." She added, "None of us really know."

---

[1]Ultimately, Smith did not testify at defendant's trial.

7

¶ 18    Thus, it was not Mills's alleged lie about the possibility of Smith testifying that caused defendant's trial counsel to request a continuance, it was the fact that Smith gave a new statement. Once that fact was known, defendant's trial counsel had an obligation to investigate Smith's statement, which means, as OSAD points out, that even if Mills had not allegedly lied, defendant's trial counsel still would have requested the continuance, the delay properly would have been attributable to the defense, there would have been no speedy trial violation, and the outcome would have been the same. Accordingly, defendant failed to make a *prima facie* showing that his claimed constitutional error so infected the trial that the resulting conviction or sentence violates due process.

¶ 19    As OSAD further points out, the record also makes it clear that by the time defendant filed his direct appeal, the defense was aware of Mills's alleged lie about the possibility of Smith testifying. Thus, defendant was required to bring this claim in his direct appeal, and because he did not do so, the claim is forfeited. See, *e.g.*, *People v. Ligon*, 239 Ill. 2d 94, 103 (2010) (in postconviction proceedings, issues that could have been raised on direct appeal, but were not, are procedurally forfeited).

¶ 20    Defendant next alleged that Mills lied to the trial judge on December 5, 2006, about what happened at an August 23, 2006, suppression hearing before a different judge, with regard to a witness's identification of defendant from a photo array. However, as OSAD points out, the record shows that the trial judge stated that she reviewed the transcript of the earlier hearing, and deferred to the findings of the judge who presided over that hearing. In other words, the trial judge did not rely on anything Mills told her about the earlier hearing; instead, she reviewed the transcript of the hearing and drew her own conclusion about what happened at the hearing. Thus, although the trial judge ultimately agreed with the State's position, the record rebuts the insinuation that she did so

8

on the basis of Mills's alleged lie. Accordingly, defendant failed to make a *prima facie* showing that his claimed constitutional error so infected the trial that the resulting conviction or sentence violates due process.

¶ 21    Defendant further alleged that Mills "was comfortable allowing" an investigator "to lie to the grand jury 19 times to secure the indictment, and lie at trial," and that Mills also was "comfortable allowing" another witness to lie at trial. With regard to these allegations, defendant did not allege specific facts in the motion concerning the alleged lies of the investigator or the other witness, and did not allege specific facts in the motion concerning Mills's purported knowledge of the alleged lies. In other words, defendant made only broad, conclusory allegations; he did not allege specific facts that were sufficient to make a *prima facie* showing that his claimed constitutional error so infected the trial that the resulting conviction or sentence violates due process.

¶ 22    With regard to the third claim in the motion—that "the Vermilion County State's Attorney's Office knew of the federal corruption investigation" into the conduct of Mills, but failed to remove Mills from defendant's case—the prejudice alleged by defendant was that if Mills had not prosecuted defendant, "the outcome of [defendant's] trial would have been different." However, defendant did not support this broad, conclusory allegation with specific facts concerning how or why the outcome of his trial would have been different. As OSAD correctly points out, defendant did "not allege or explain any nexus between Mills's professional misconduct and the proceedings in this case, or explain how the misconduct caused any pretrial or trial proceedings to be unfair in any way." Accordingly, defendant failed to make a *prima facie* showing that his claimed constitutional error so infected the trial that the resulting conviction or sentence violates due process.

9

¶ 23    With regard to the fourth claim in the motion—that the Vermilion County State's Attorney's Office improperly failed to disclose to defendant, prior to defendant's trial, the fact that Mills was being investigated—defendant claimed that if the State had told him of the investigation, the State's case against him "would have fundamentally changed." He further claimed that it "is certain" that the State's failure to disclose the investigation "had a substantial and injurious effect on the prosecution of [defendant's] case[,] and in influencing and determining the jury's verdict." He additionally claimed that in light of the allegation that Mills took "bribes for drugs," it was possible that "Mills took a bribe to secure [defendant's] conviction," and claimed, "Mills lied to the judge and jury, concealed evidence, altered [a witness's] background, and allowed witnesses to provide false testimony." However, defendant did not support these broad, conclusory allegations with specific facts in the motion concerning how (1) the State's case against him "would have fundamentally changed" if defendant had known about the investigation; (2) the failure to disclose the investigation influenced the jury's verdict; or (3) Mills lied to the judge and jury (except as discussed above), concealed evidence, altered the witness's background, or allowed other witnesses to provide false testimony. He also did not allege specific facts in the motion concerning purported bribe-taking by Mills in defendant's case. As OSAD correctly points out, defendant simply did not allege any specific facts in the motion that "show how the failure to have Mills removed caused [defendant's] trial to be unfair." Accordingly, defendant failed to make a *prima facie* showing that his claimed constitutional error so infected the trial that the resulting conviction or sentence violates due process.

¶ 24    With regard to the fifth claim in the motion—that defendant received ineffective assistance of counsel, because trial counsel "aid[ed] and abett[ed]" Mills in lying to the trial judge, by "knowingly concealing the fact that [Mills] lied," which ultimately resulted in a violation of

10

defendant's speedy trial rights—defendant alleged in support of this claim that trial counsel should have argued to the trial judge that Mills lied about the possibility of Smith testifying, rather than arguing to the trial judge that the failure to disclose Smith's new statement to defendant earlier was a discovery violation. Defendant alleged that if trial counsel had argued that Mills lied, the continuance in question would have been charged to the State, not defendant, and that accordingly there would have been no trial because defendant's speedy trial rights would have been violated.

¶ 25    OSAD correctly points out that this "claim is just a variation on the second part of his second claim." As noted with regard to that claim, the continuance of which defendant complains was requested because counsel had just learned that Smith made a statement that contained "something different than what was in [Smith's] police statements," which counsel wanted to investigate by speaking with Smith. As explained above, trial counsel's request for a continuance was reasonable—in fact, it was what competent representation of defendant required—and trial counsel would have made the request whether Mills lied or not. Thus, defendant cannot show that the request for a continuance was objectively unreasonable, in light of what trial counsel knew at the time the continuance was requested, and therefore his ineffective assistance of counsel claim is without merit. See, *e.g.*, *People v. Johnson*, 2021 IL 126291, ¶ 52 (to prevail on ineffective assistance of counsel claim, defendant must demonstrate counsel's performance fell below an objective standard of reasonableness, and counsel's deficient performance resulted in prejudice).

¶ 26    Moreover, as explained above, it was not Mills's alleged lie about the possibility of Smith testifying that caused defendant's trial counsel to request a continuance, it was the fact that Smith gave a new statement. Accordingly, the delay for that continuance was properly attributable to the defense, because it was requested by defense counsel for the legitimate purpose of speaking with Smith to ascertain how Smith's new statement might impact the defense strategy at trial. Thus,

11

even if trial counsel had called the trial court's attention to the fact that Mills allegedly lied when he stated that Smith might testify, counsel would have been required to acknowledge that the continuance he sought to speak with Smith was not based upon that lie, but was instead based upon his need to question Smith prior to moving forward with defendant's trial.

¶ 27 As noted above, in his response to OSAD's *Finley* motion, defendant contends, among other things, that OSAD has not provided reasonable assistance to him in this appeal. We do not agree. As demonstrated above, OSAD considered five potential issues in this appeal. However, as also demonstrated above, OSAD correctly determined that none of the potential issues had arguable merit, and that there was nothing further OSAD could do to assist defendant in this appeal. Moreover, because we have determined that this appeal presents no other issues of arguable merit, we deny defendant's motion to proceed *pro se*, and his motion for appointment of counsel.

¶ 28                                    III. CONCLUSION

¶ 29 For the foregoing reasons, the circuit court did not err in denying defendant's *pro se* motion for leave to file a successive postconviction petition. No argument to the contrary would have arguable merit. Accordingly, we (1) grant OSAD leave to withdraw as counsel; (2) deny defendant's motion to proceed *pro se*, and for appointment of counsel; and (3) affirm the circuit court's judgment.

¶ 30 OSAD's motion to withdraw granted; defendant's motion denied; circuit court judgment affirmed.